| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | <u>10-26-2014</u> |
| | U.S. MAGISTRATE JUDGE | TIME: | <u>4:08 p.m. (53 minutes)</u> |

*Neogenix Oncology, Inc. v. Gordon et al.*, **CV 14-4427 (JFB) (AKT)**

| | | |
|---|---|---|
| TYPE OF CONFERENCE: | | **TELEPHONE STATUS CONFERENCE** |
| APPEARANCES: | Plaintiff | Brandon V. Lewis |
| | | Eric D. Madden |
| | Defendant | John C. Klotz (Peter Gordon) |
| | | Howard I. Elman (Mintz Levin Firm) |
| | | Robert S. Frank, Jr. |
| | | Stuart Glass |
| | | Frederick B. Warder (Nixon Peabody LLP) |
| | | Michael V. Rella (Harry Gurwitch) |
| | | William E. Donnelly |
| | | Daniel Seymour (Maie Lewis for Estate of Brian Lewis) |
| | | Marian C. Rice (Daniel J. Scher) |
| | | Meredith D. Belkin |

FTR:    4:08-5:01

SCHEDULING:

The next conference will be held on March 10, 2016 at 11 a.m. in Courtroom 910.

THE FOLLOWING RULINGS WERE MADE:

1. The Court set today's conference to take up discovery issues in light of Judge Bianco's decisions denying the previously filed motions to dismiss. This Minute Order provides a summary of today's proceeding. If the parties need a more amplified record, they may contact Courtroom Deputy Mary Ryan to arrange to order a transcript.

2. Counsel confirmed that the parties had complied with the directives issued by the Court on October 22, 2014 regarding the parties' meeting and comparing to resolve the parameters of specific document production and that the document requests as to those areas were served by November 26, 2014.

3. I spent some time discussing with the parties any assertions of deficiencies in the hard copy productions made to each other. In some instances, these issues were resolved. In other cases, the parties are in the process of responding to such deficiency letters.

4. Counsel have until November 20, 2015 to meet-and-confer, pursuant to their obligations under Local Civil Rule 37.3, to address any issues relating to the initial discovery demands served and responded to by the parties.  Any issues which the parties are unable to resolve notwithstanding their good faith meet-and-confer must, if the parties intend to seek Court intervention, be brought to the Court's attention no later than December 10, 2015 by way of letter motions or formal motions under the Federal Rules.  Any issues relating to the initial discovery responses which are not brought to the Court's attention by that date will be deemed waived.

    <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>.  Counsel are on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>*n o t*</u> merely an exchange of e-mails or letters).

    If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court (*i.e.*, Verbatim statement of the original request, followed by verbatim statement of the original response, followed by specific objection to the response and the specific basis for the objection). <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

5. In response to the Court's inquiry, plaintiff's counsel acknowledged that defendant Gordon's hard drive had been turned over to Neogenix.  However, plaintiff's counsel also noted that defendant Gordon apparently had a personal email account and plaintiff is seeking documents from that account as well.  It was agreed that plaintiff's counsel would put this request in a letter to Attorney Klotz.

6. Pursuant to the parties' previous agreement and scheduling, the deadline for production of ESI is October 30, 2015. Most of the ESI productions will be completed by that date. However, in some instances, as discussed today, the production will be made on a rolling basis due to the volume involved.  For example, Nixon Peabody's counsel represented that he expects to have his client's rolling production completed by the beginning of December.  Counsel for defendant Scher stated that she expects the vendor to have their production ready by October 30 or within a few days thereafter.

7. Any party wishing to serve supplemental demands must do so by December 14, 2015. Responses to those demands must be served by February 12, 2015.  Because of the time the Court is allotting to this process, the Court does not expect to receive requests for more time.

8. The Court is aware that at least some of the documents which were in the plaintiff's possession went over to Precision Biologics when it bought the assets of Neogenix out of the bankruptcy proceeding.  Plaintiff's counsel pointed out that Neogenix and Precision Biologics are two separate companies.  However, Neogenix has a right to access documents relating to the closing of the Asset Purchase Agreement as part of that agreement.  Neogenix intends to produce responsive documents in that category. However, as to post-closing documents, plaintiff's counsel noted that the defendants would have to obtain those materials directly from Precision

        Biologics.  I urged the defendants to serve a subpoena promptly if they intend to seek post-closing documents from Precision Biologics.  Defendants' counsel should meet and confer to determine the most efficient means to secure the documents needed from Precision Biologics if necessary.

9. The Court noted that any discovery served in this case had to have been served on all of the parties individually and not only on the party requesting that discovery. To the extent that this is not been done, I have given counsel 10 days to comply and to serve such discovery on the other parties.

10. By March 4, 2015, counsel are directed to provide the Court with (A) a bullet point list of any outstanding issues (deficiencies, non-responsiveness, etc.) concerning responses received by the parties to the supplemental requests to be served by December 14, 2015, and (B) a list of the witnesses (both party and non-party) each party intends to depose in the case.  The Court further noted that it expects that any witness called is being produced only once.

        SO ORDERED

        /s/ A. Kathleen Tomlinson
        A. KATHLEEN TOMLINSON
        U.S. Magistrate Judge