# Exhibit B



December 18, 2015

elammers@garsonlaw.com
www.garsonlaw.com

**BY E-MAIL AND FIRST-CLASS UNITED STATES MAIL**

Jason S. Gould, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Re:   Document and Deposition Subpoenas: *Neogenix Oncology, Inc. v. Peter Gordon et al.*, Civ Action No. 14-cv-4427(JFB) (AKT)

Dear Jason:

As you know, this law firm represents Bethesda Financial Group LLC ("BFG") in connection with the Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") and Subpoena to Produce Documents (the "Documents Subpoena") served by Nixon Peabody LLP ("Nixon Peabody") on December 7, 2015.

Please find enclosed BFG's Objections to the Documents Subpoena. I would be happy to discuss these Objections with you at your convenience. As we discussed, some of the documents within BFG's possession may be subject to a privilege or other protective claim by BFG's former client, Neogenix Oncology, Inc. ("Neogenix"). Accordingly, in order to allow Neogenix to assert such claims where it deems appropriate, we are initially sending responsive documents to Neogenix Oncology, Inc. ("Neogenix") so that Neogenix can determine what documents within that production should be withheld on the basis of privilege. It is my understanding that Neogenix will conduct its own privilege review, that Neogenix will provide a privilege log for any documents withheld pursuant to any privilege or other protections, and that we will produce the remaining documents to Nixon Peabody. We presently expect to at least begin providing such documents to Neogenix, so that it can complete its review process, by early next week.

Unfortunately, because of the breadth of the requests, our review and gathering of responsive documents is taking longer than anticipated. This will confirm that we discussed this earlier this week, and that you agreed to give BFG more time to respond to the Documents Subpoena. Once we have completed the process of providing the documents to Neogenix, I will confirm their timing on the privilege review. I anticipate that we will be able to produce the documents shortly after Neogenix's review is completed, and will keep you advised as to the timing of same.

Garson | Claxton LLC
Attorneys At Law
7910 Woodmont Avenue
Suite 650
Bethesda, MD 20814
P 301.280.2700
F 301.280.2707



**Garson | Claxton**

Mr. Jason S. Gould
December 18, 2015
Page 2 of 2

Finally, with respect to the Deposition Subpoena, we understand that the Subpoena does not state a date or time for the deposition. As such, we will reserve our objections and right to take action to modify or quash the Deposition Subpoena until after those dates have been established and a new Deposition Subpoena with the effective date has been served. As previously indicated, given that BFG did not raise funds for Neogenix, we continue to hope that Nixon Peabody will choose not to go forward with the deposition once it has a chance to review the documents confirming this fact.

I look forward to working with you and invite you to contact me at your convenience to discuss the foregoing.

Very truly yours,

*[signature]*

Eric Scott Lammers
Enclosure

cc:    Brandon V. Lewis, Esq., Reid Collins & Tsai LLP

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEOGENIX ONCOLOGY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER GORDON, MINTZ LEVIN COHN, )<br>FERRIS GLOVSKY and POPEO P.C., )<br>NIXON PEABODY LLP, DANIEL H. )<br>SCHIER, HARRY GURWITCH, the Estate of )<br>JOHN L. SQUIRE, and JOHN BUCKLEY, )<br>not individually but as personal representative )<br>of the Estate of BRIAN LEWIS, )<br>)<br>Defendants. ) | Civ. Act No. 2:14-cv-04427 |

**NON-PARTY BETHESDA FINANCIAL GROUP LLC'S OBJECTIONS TO SUBPOENA SERVED BY DEFENDANT NIXON PEABODY LLP**

Bethesda Financial Group LLC ("BFG"), not a party to this litigation, objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Defendant Nixon Peabody ("Nixon Peabody"), on the following bases:

### General Objections

1. BFG objects to each request that would require BFG to disclose information or documents protected by the attorney-client privilege, work-product doctrine, accountant-client privilege, or other applicable privilege or protection, both on behalf of itself and to the extent that any such privilege is held by any client of BFG, including Neogenix Oncology, Inc. ("Neogenix").

2. BFG objects to any request that is (a) irrelevant to the subject matter involved in this lawsuit or otherwise not reasonably calculated to lead to the discovery of admissible evidence; (b) unreasonably cumulative or duplicative; (c) unduly burdensome or expensive, or

1

otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) overly broad, unduly vague, or otherwise ambiguous; or (e) oppressive, vexatious, or otherwise designed to harass.

3. BFG objects to the extent that producing any of the documents requested would be in violation of any confidentiality agreement or other similar contractual obligation, would require disclosure of trade secrets or other proprietary or protected information, would require disclosure of the confidential information of any present or former client of BFG, or otherwise would expose or potentially expose BFG to contractual or other liability.

4. BFG objects to any request to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, for example, by attempting to impose a purported obligation to supplement upon a non-party to the litigation at issue.

5. BFG objects to the extent these Requests seek to impose upon BFG an obligation to produce documents that are not reasonably accessible because they cannot be retrieved, or produced without undue burden or cost, as such Requests are overly broad and unduly burdensome. Further, BFG objects on the same basis to the extent that the Requests seek to impose upon BFG any obligation to obtain documents from persons or servers not immediately or normally accessible or available to BFG. Any documents produced will be without waiver of these objections, will be subject to such documents being reasonably accessible, and will be produced either in hard copy or in another reasonably usable form.

6. BFG objects to the asserted incorporation of the Local Rules of the United States District Courts for the Eastern and Southern Districts of NewYork, as BFG is not a party to the action residing in the Eastern District of New York.

7.     BFG objects to the definition of the term "Bethesda." "You" and "Your" to the extent that the definition of those terms purports to include BFG's attorneys, and would correspondingly request production of attorney-client privileged communications and/or attorney work product.

8.     BFG objects to the definition of the term "Financial Services" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without limitation, the definition appears to encompass essentially any type of work performed, irrespective of the relevance of such work to any issue in the litigation to which the Subpoena purportedly relates.

9.     All responses are made expressly subject to the foregoing general objections, regardless of any lack of specific reference.  Where such objections are particularly pertinent, they have been specifically noted.  Failure to specifically note such objections, however, should not be regarded as, and does not constitute, a waiver.

10.    To each of their specific responses and objections, BFG incorporates these general objections.  BFG reserves the right to amend, modify, or supplement its responses and objections and to move for a protective order or to quash the subpoena, as and to the extent necessary.

## Objections to Individual Document Requests

## Request No. 1

Any agreements, contracts, retention or engagement letters, or memoranda of understanding between Neogenix and Bethesda.

**Objections:** BFG incorporates its General Objections by reference.

Subject to and without waiving these Objections, BFG states that non-privileged, responsive documents, if any, that are not subject to any non-disclosure restriction or otherwise

3

subject to the foregoing objections, and that are able to be located after a reasonable investigation of reasonably available files, shall be made available for inspection.

**Request No. 2**

All communications between Neogenix and Bethesda concerning Bethesda's Financial Services for Neogenix.

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request as it seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, BFG objects because the Request encompasses documents which are subject to a confidentiality agreement, which contain trade secrets or which otherwise are subject to a contractual or legal restriction from disclosure. Further, the Request is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that the definition of "Financial Services" is overbroad, as set forth above.

Subject to and without waiving these Objections, BFG states that non-privileged, responsive documents, if any, that are not subject to any non-disclosure restriction or otherwise subject to the foregoing objections, and that are able to be located after a reasonable investigation of reasonably available files, shall be made available for inspection.

**Request No. 3**

Assessments, presentations, evaluations, analyses, memoranda, or reports generated by Bethesda concerning its Financial Services for Neogenix.

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request as it seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, BFG objects because the

4

Request encompasses documents which are subject to a confidentiality agreement, which contain trade secrets or which otherwise are subject to a contractual or legal restriction from disclosure. Further, the Request is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that the definition of "Financial Services" is overbroad, as set forth above.

Subject to and without waiving these Objections, BFG states that non-privileged, responsive documents, if any, that are not subject to any non-disclosure restriction or otherwise subject to the foregoing objections, and that are able to be located after a reasonable investigation of reasonably available files, shall be made available for inspection.

**Request No. 4**

All documents reflecting Bethesda's Fundraising Activities for Neogenix.

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request as it seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, the Request encompasses documents that may be subject to a confidentiality agreement, contain trade secrets, or otherwise be subject to a contractual or legal restriction from disclosure. By way of further response, BFG states that it did not engage in fundraising for Neogenix. To the extent that the definition of "Fundraising Activities" includes activities other than fundraising, any such services presumably would be included as "Financial Services" and responded to as set forth above.

**Request No. 5**

All communications between Bethesda and any person or entity other than Neogenix concerning Bethesda's Fundraising Activities for Neogenix, including but not limited to communications with potential investors concerning Bethesda's Fundraising Activities.

5

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request to the extent that "any person or entity or Neogenix" is intended to include attorneys, accountants or other representatives of Neogenix, in which case the Request seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, the Request encompasses documents that may be subject to a confidentiality agreement, contain trade secrets, or otherwise be subject to a contractual or legal restriction from disclosure.

Subject to and without waiving these Objections, BFG states that it did not perform fundraising for Neogenix. To the extent that the definition of "Fundraising Activities" extends beyond fundraising, BFG states that non-privileged, responsive documents, if any, that are not subject to any non-disclosure restriction or otherwise subject to the foregoing objections, and that are able to be located after a reasonable investigation of reasonably available files, shall be made available for inspection.

### Request No. 6

Documents sufficient to show any sale of Neogenix stock brokered or facilitated by Bethesda, including but not limited to documents sufficient to identify the date and amount of such sale and the identity of the purchaser.

**Objections:** Subject to and without waiving the foregoing Objections, or any other objections that otherwise would apply to the extent responsive documents existed, BFG states that it did not broker or facilitate any sale of Neogenix stock, and correspondingly has no documents responsive to this Request.

### Request No. 7

Documents sufficient to show the amount of money raised for Neogenix by Bethesda through Bethesda's Fundraising Activities for Neogenix.

**Objections:** Subject to and without waiving the foregoing Objections, or any other objections that otherwise would apply to the extent responsive documents existed, BFG states that it did not raise money for Neogenix, and correspondingly has no documents responsive to this Request.

**Request No. 8**

Documents sufficient to show Neogenix's payment of fees, commissions, or any other form of compensation to Bethesda concerning Bethesda's Financial Services to Neogenix.

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request to the extent that it would impose upon BFG the obligation to determine what documents are "sufficient" to show the "facts" alleged. BFG further objects to the extent that the Request seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection, or to the extent it encompasses documents subject to any other legal or contractual restriction from disclosure. Further, the Request is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that the definition of "Financial Services" is overbroad, as set forth above. BFG did not perform fundraising for Neogenix and was not paid commissions, and any other compensation paid to BFG for the services that Neogenix provided would have no significance in the lawsuit at issue.

**Request No. 9**

All communications, presentations, evaluations, analyses, memoranda, or reports regarding potential or actual impediments to Bethesda's Fundraising Activities for Neogenix.

**Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request as it seeks documents that are or may be subject to the

7

attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, the Request encompasses documents that may be subject to a confidentiality agreement, contain trade secrets, or otherwise be subject to a contractual or legal restriction from disclosure. By way of further response, BFG states that it did not engage in fundraising for Neogenix, and the Request correspondingly is unduly vague as it is unclear what would constitute "potential or actual impediments to Bethesda's Fundraising Activities for Neogenix," particularly to the extent that, as previously stated, BFG did not perform fundraising for Neogenix.

**Request No. 10**

All documents analyzing, reporting, or opining why Bethesda was unable to raise any money for Neogenix.

    **Objections:** Subject to and without waiving the foregoing Objections, or any other objections that otherwise would apply to the extent responsive documents existed, BFG states that it did not attempt to raise money for Neogenix, and correspondingly has no documents responsive to this Request.

**Request No. 11**

Documents sufficient to show the reasons the relationship between Neogenix and Bethesda concerning Bethesda's Financial Services for Neogenix was terminated.

    **Objections:** In addition to its General Objections, which are incorporated herein by reference, BFG objects to this Request to the extent that it would impose upon BFG the obligation to determine what documents are "sufficient" to show the facts stated. In addition, BFG objects to this Request as it seeks documents that are or may be subject to the attorney-client privilege, any accountant-client privilege or similar protection, work product protection, or other applicable privilege or protection. In addition, the Request encompasses documents that

may be subject to a confidentiality agreement, contain trade secrets, or otherwise be subject to a contractual or legal restriction from disclosure.

Subject to and without waiving these Objections, BFG states that non-privileged, responsive documents, if any, that are not subject to any non-disclosure restriction or otherwise subject to the foregoing objections, and that are able to be located after a reasonable investigation of reasonably available files, shall be made available for inspection.

Respectfully Submitted,

GARSON CLAXTON LLC

_____
Eric S. Lammers
Charles R. Claxton
Garson Claxton LLC
7910 Woodmont Avenue, Suite 650
Bethesda, Maryland 20814
(301) 280-2700
(301) 280-2707 (fax)
elammers@garsonlaw.com
rclaxton@garsonlaw.com

Counsel for Bethesda Financial Group LLC

**Certificate of Service**

The undersigned certifies that, on the 19th day of December, 2015, a copy of the foregoing Objections were served by United States, First-Class Mail upon the following:

> Jason S. Gould, Esq.
> Associate
> Patterson Belknap Webb & Tyler LLP
> 1133 Avenue of the Americas
> New York, NY 10036-6710

_____